UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW TRACER,

        Plaintiff,

v.

CITY OF ALLEN PARK,
OFFICER S. CATES,
OFFICER S. HARVEY,
OFFICER M. SZYMONIAK,
OFFICER WAYNE ALBRIGHT
DISPATCHER MOHAMMED,

        Defendants.

CASE NO.: 10-cv-
HON.
MAG. JUDGE

| | |
|---|---|
| FRANK PALAZZOLO (P26024)<br>**PRESENT LEGAL CENTER, P.L.C.**<br>Attorney for Plaintiff<br>33830 Harper Avenue<br>Clinton Township, MI 48035<br>(586) 415-1200 | AUDREY J. FORBUSH (P41744)<br>**PLUNKETT COONEY**<br>Attorney for Defendants, City of Allen Park<br>Cates, Harvey, Szymoniak,<br>Albright and Mohammed<br>Plaza One Financial Center<br>111 E. Court Street – Suite 1B<br>Flint, MI 48502<br>(810) 342-7014 |

NOTICE OF REMOVAL OF CAUSE TO THE
UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

NOW COME the Defendants, **CITY OF ALLEN PARK, OFFICER S. CATES, OFFICER S. HARVEY, OFFICER M. SZYMONIAK, OFFICER WAYNE ALBRIGHT and DISPATCHER MOHAMMED**, by and through their attorneys, **PLUNKETT COONEY**, and pursuant to 28 U.S.C. §§ 1331, 1441, 1443 and 1446, hereby notifies this Honorable Court of the removal of this action for the following reasons:

    1.    On or about September 16, 2010, Plaintiff filed a lawsuit which is now pending in the Circuit Court for the County of Wayne, State of Michigan, bearing Case No.: 10-010729-NO.

2.      Defendants were served with the Summons and Complaint on October 11, 2010.

3.      The action commenced against Defendants is a civil action in which Plaintiffs allege that Defendants have violated the rights of Plaintiffs provided by the United States Constitution. Plaintiff claim that he was deprived of his right to be free from unreasonable seizures, to be free from excessive force, and his right to due process of law, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution.                    4.

Plaintiff seeks equitable relief as well as damages which, upon reasonable information and belief, would not exceed this Court's jurisdictional requirements. Plaintiff brings these claims pursuant to 42 U.S.C. §1983.

5.      Pursuant to 28 U.S.C. § 1331, a federal district court has original jurisdiction over any civil action commenced to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage of any right, privileges or immunities secured by the Constitution of the United States or by any act of congress providing for the equal rights of citizens or all persons within the jurisdiction of the United States.

6.      Under 28 U.S.C. § 1441(a) and § 1443, Defendants are entitled to remove this action, since the district court would have had original jurisdiction over Plaintiff's claims. Attached to this Notice of Removal is a copy of the Summons and Complaint setting forth Plaintiff's claims for relief, as well as Defendants' Answer to Complaint and Affirmative Defenses. A written Notice of the Filing of this Removal has been given to all parties as required by law and is attached hereto.

7.      A true and correct copy of this Notice of Filing Removal and Notice of Removal is filed with the Clerk of the Court of the County of Wayne, State of Michigan, as provided by law.

Respectfully submitted,

**PLUNKETT COONEY**

By *s/Audrey J. Forbush*
     AUDREY J. FORBUSH  (P41744)
     Attorney for Defendants

2

Plaza One Financial Center
111 E. Court Street – Suite 1B
Flint, MI 48502
(810) 342-7014
aforbush@plunkettcooney.com

Dated: November 1, 2010

## PROOF OF SERVICE

STATE OF MICHIGAN     )
                        ) ss
COUNTY OF GENESEE     )

AUDREY J. FORBUSH, first being duly sworn, deposes and says that on the 1st day of November, 2010, she caused to be served a copy of the enclosed NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION and PROOF OF SERVICE; NOTICE OF FILING REMOVAL (FILED WITH WAYNE COUNTY CIRCUIT COURT) and PROOF OF SERVICE, upon:

FRANK PALAZOLLO, ESQUIRE
33830 HARPER AVENUE
CLINTON TOWNSHIP, MI 48035

via CM/ECF electronic filing with the United States District Court for the Eastern District of Michigan, Southern Division.

                                 *s/Audrey J. Forbush*
                                 AUDREY J. FORBUSH

Subscribed and sworn to before me
this 1st day of November, 2010.

*s/Kathaleen M. Forde*
KATHALEEN M. FORDE, Notary Public
State of Michigan, County of Oakland
My Commission Expires: 4/16/2012
Acting in Genesee County, Michigan

Open.00560.03273.10400680-1

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

MATTHEW TRACER,

        Plaintiff,                CASE NO.:  10-010729-NO
                              HON. SUSAN D. BORMAN

v

CITY OF ALLEN PARK,
OFFICER S. [sic] CATES,
OFFICER S. HARVEY,
OFFICER M. SZYMONIAK,
OFFICER WAYNE ALBRIGHT
DISPATCHER MOHAMMED,

        Defendants.

---

| FRANK PALAZZOLO  (P26024) | AUDREY J. FORBUSH  (P41744) |
|---|---|
| **PRESENT LEGAL CENTER, P.L.C.** | **PLUNKETT COONEY** |
| Attorney for Plaintiff | Attorney for Defendants, City of Allen Park |
| 33830 Harper Avenue | Cates, Harvey, Szymoniak, |
| Clinton Township, MI 48035 | Albright and Mohammed |
| (586) 415-1200 | Plaza One Financial Center |
| | 111 E. Court Street – Suite 1B |
| | Flint, MI  48502 |
| | (810) 342-7014 |

---

**NOTICE OF FILING REMOVAL and PROOF OF SERVICE**

TO:   **CLERK OF THE COURT**
      **WAYNE COUNTY CIRCUIT COURT**
      **2 WOODWARD AVENUE – CAYMC**
      **DETROIT, MI  48226**

      **FRANK PALAZZOLO, ESQUIRE**
      **33830 HARPER AVENUE**
      **CLINTON TOWNSHIP, MI  48035**

**PLEASE TAKE NOTICE** that Defendants, **CITY OF ALLEN PARK, OFFICER S. [sic] CATES, OFFICER S. HARVEY, OFFICER M. SZYMONIAK, OFFICER WAYNE ALBRIGHT DISPATCHER MOHAMMED,** have this day filed their Notice of Removal of this matter to the

1

United States District Court, with the office of the Clerk of the Court for the United States District

Court, Eastern District of Michigan, Southern Division, copies of which are attached hereto.

Respectfully submitted,

**PLUNKETT COONEY**

By _(signature)_ _____

AUDREY J. FORBUSH   (P41744)
Attorney for Defendants
Plaza One Financial Center
111 E. Court Street – Suite 1B
Flint, MI  48502
(810) 342-7014

Dated:  November 1, 2010

### PROOF OF SERVICE

STATE OF MICHIGAN          )
                           )  ss
COUNTY OF GENESEE          )

AUDREY J. FORBUSH, first being duly sworn, deposes and says that on the 1st day of

November, 2010, she caused to be served a copy of the enclosed NOTICE OF FILING

REMOVAL and PROOF OF SERVICE, upon:

FRANK PALAZZOLO, ESQUIRE
33830 HARPER AVENUE
CLINTON TOWNSHIP, MI  48035

by enclosing same in an envelope properly addressed as above and by depositing same in a

United States mail receptacle, with postage thereon fully prepaid.

_(signature)_ _____

AUDREY J. FORBUSH

Subscribed and sworn to before me
this 1st day of November, 2010.

KATHALEEN M. FORDE, Notary Public
State of Michigan, County of Oakland
My Commission Expires: 4/16/2012
Acting in Genesee County, Michigan

Open.00560.03273.10414495-1

3

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MATTHEW TRACER,

        Plaintiff,

v

CITY OF ALLEN PARK,
OFFICER S. [SIC] CATES,
OFFICER S. HARVEY,
OFFICER M. SZYMONIAK,
OFFICER WAYNE ALBRIGHT
DISPATCHER MOHAMMED,

        Defendants.

CASE NO.: 10-010729-NO
HON. SUSAN D. BORMAN

| | |
|---|---|
| FRANK PALAZZOLO  (P26024)<br>**PRESENT LEGAL CENTER, P.L.C.**<br>Attorney for Plaintiff<br>33830 Harper Avenue<br>Clinton Township, MI  48035<br>(586) 415-1200 | AUDREY J. FORBUSH  (P41744)<br>**PLUNKETT COONEY**<br>Attorney for Defendants, City of Allen Park<br>   Cates, Harvey, Szymoniak,<br>   Albright and Mohammed<br>Plaza One Financial Center<br>111 E. Court Street – Suite 1B<br>Flint, MI  48502<br>(810) 342-7014 |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; AFFIRMATIVE DEFENSES and RELIANCE UPON JURY DEMAND

**NOW COME** the Defendants, **CITY OF ALLEN PARK, OFFICER S. [sic] CATES, OFFICER S. HARVEY, OFFICER M. SZYMONIAK, OFFICER WAYNE ALBRIGHT and DISPATCHER MOHAMMED,** by and through their attorneys, **PLUNKETT COONEY,** and for their Answer to Plaintiff's Complaint, state as follows:

### I. PRELIMINARY STATEMENT

In response to Plaintiff's Preliminary Statement, Defendants submit that they were acting under color of law, however, the remainder of the allegations are denied as untrue.

    1.    In response to the allegations contained in paragraph one (1), same are denied as untrue.

1

## II. JURISDICTION

2.      In response to the allegations contained in paragraph two (2), same are denied as untrue.

3.      The statements contained in paragraph three (3) are legal conclusions as opposed to well pled allegations of fact and therefore no response is required. To the extent that a response is required, Defendants the Constitution and MCLA 691.1400 speak for themselves.

## III. PARTIES

4.      In response to the allegations contained in paragraph four (4), Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiffs to their proofs.

5.      In response to the allegations contained in paragraph five (5), same are admitted.

6.      In response to the allegations contained in paragraph six (6), same are denied as untrue in the form and manner alleged and in fact.

7.      In response to the allegations contained in paragraph seven (7), same are denied as untrue.

8.      In response to the allegations contained in paragraph eight (8), same are denied as untrue.

9.      In response to the allegations contained in paragraph nine (9), including subparagraphs (a-d), same are denied as untrue.

## IV. FACTUAL ALLEGATIONS

10.     In response to the allegations contained in paragraph ten (10), Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiffs to their proofs.

2

11.     In response to the allegations contained in paragraph eleven (11), Defendants admit that Officers Harvey and Szymoniak were dispatched to Plaintiff's home on a noise complaint.  On prior occasions, the police had visited the Tracer home on noise complaints. The remainder of the allegations contained in paragraph eleven (11) are neither admitted nor denied and Plaintiff is left to his proofs.

12.     In response to the allegations contained in paragraph twelve (12), same are denied as untrue.

13.     In response to the allegations contained in paragraph thirteen (13), Defendants are without knowledge or information sufficient to form a belief as to the truth of same and leave Plaintiffs to their proofs.

14.     In response to the allegations contained in paragraph fourteen (14), same are denied as untrue.

15.     In response to the allegations contained in paragraph fifteen (15), same are denied as untrue.

16.     In response to the allegations contained in paragraph sixteen (16), same are denied as untrue.

17.     In response to the allegations contained in paragraph seventeen (17), same are denied as untrue.

18.     In response to the allegations contained in paragraph eighteen (18), same are denied as untrue.

19.     In response to the allegations contained in paragraph nineteen (19), same are denied as untrue.

20.     In response to the allegations contained in paragraph twenty (20), same are denied as untrue.

21.     In response to the allegations contained in paragraph twenty-one (21), same are denied as untrue.

22.     In response to the allegations contained in paragraph twenty-two (22), same are denied as untrue.

23.     In response to the allegations contained in paragraph twenty-three (23), same are denied as untrue.

24.     In response to the allegations contained in paragraph twenty-four (24), including subparagraphs (a-e), same are denied as untrue.

25.     In response to the allegations contained in paragraph twenty-five (25), Defendants admit only that they were acting under color of law at all pertinent times.

**COUNT I**

**FOURTH AMENDMENT VIOLATIONS**

26.     Defendants incorporate by reference paragraphs 1-25 of their Answer to Plaintiff's Complaint with the same force and effect as though fully set forth herein.

27.     In response to the allegations contained in paragraph twenty-seven (27), same are denied as untrue.

28.     The statements contained in paragraph twenty-eight (28) are legal conclusions as opposed to well pled allegations of fact and therefore no response is required.  To the extent that a response is required, Defendants submit that 42 USC § 1983 speaks for itself.

29.     In response to the allegations contained in paragraph twenty-nine (29), same are denied as untrue.

30.     In response to the allegations contained in paragraph thirty (30), same are denied as untrue.

**WHEREFORE**, Defendants, **CITY OF ALLEN PARK, OFFICER C. CATES, OFFICER S. HARVEY, OFFICER M. SZYMONIAK, OFFICER WAYNE ALBRIGHT and DISPATCHER MOHAMMED**, respectfully request that this Honorable Court enter an Order for Judgment of No Cause for Action in their favor, with costs and attorney fees to be taxed.

4

## COUNT II

### ASSAULT AND BATTERY

31.    Defendants incorporate by reference paragraphs 1-30 of their Answer to Plaintiff's Complaint with the same force and effect as though fully set forth herein.

32.    In response to the allegations contained in paragraph thirty-two (32), same are denied as untrue.

33.    In response to the allegations contained in paragraph thirty-three (33), same are denied as untrue.

34.    In response to the allegations contained in paragraph thirty-four (34), same are denied as untrue.

35.    In response to the allegations contained in paragraph thirty-five (35), same are denied as untrue.

**WHEREFORE,** Defendants, **CITY OF ALLEN PARK, OFFICER C. CATES, OFFICER S. HARVEY, OFFICER M. SZYMONIAK, OFFICER WAYNE ALBRIGHT and DISPATCHER MOHAMMED,** respectfully request that this Honorable Court enter an Order for Judgment of No Cause for Action in their favor, with costs and attorney fees to be taxed.

### III.  COUNT I

### FALSE ARREST

36.    Defendants incorporate by reference paragraphs 1-35 of their Answer to Plaintiff's Complaint with the same force and effect as though fully set forth herein.

37.    In response to the allegations contained in paragraph thirty-seven (37), same are denied as untrue.

38.    The statements contained in paragraph thirty-eight (38) are legal conclusions as opposed to well pled allegations of fact and therefore no response is required.  To the extent that a response is required, Defendants submit that the United States Constitution speaks for

itself. By way of further answer, Defendants deny the breach of any constitutionally protected rights of the Plaintiff.

39.     In response to the allegations contained in paragraph thirty-nine (39), same are denied as untrue.

40.     In response to the allegations contained in paragraph forty (40), same are denied as untrue.

41.     In response to the allegations contained in paragraph forty-one (41), same are denied as untrue.

42.     In response to the allegations contained in paragraph forty-two (42), same are denied as untrue.

**WHEREFORE,** Defendants, **CITY OF ALLEN PARK, OFFICER C. CATES, OFFICER S. HARVEY, OFFICER M. SZYMONIAK, OFFICER WAYNE ALBRIGHT and DISPATCHER MOHAMMED**, respectfully request that this Honorable Court enter an Order for Judgment of No Cause for Action in their favor, with costs and attorney fees to be taxed.

### IV. COUNT II

### CONSTITUTIONAL DEPRIVATION UNDER 42 USC §1983 -- EXCESSIVE FORCE

43.     Defendants incorporate by reference paragraphs 1-42 of their Answer to Plaintiff's Complaint with the same force and effect as though fully set forth herein.

44.     In response to the allegations contained in paragraph forty-four (44), same are denied as untrue.

45.     The statements contained in paragraph forty-five (45) are legal conclusions as opposed to well pled allegations of fact and therefore no response is required. To the extent that a response is required, Defendants submit that the United States Constitution speaks for itself. By way of further answer, Defendants deny the breach of any constitutionally protected rights of the Plaintiff.

46.     In response to the allegations contained in paragraph forty-six (46), same are denied as untrue.

47.     In response to the allegations contained in paragraph forty-seven (47), same are denied as untrue.

48.     In response to the allegations contained in paragraph forty-eight (48), same are denied as untrue.

49.     In response to the allegations contained in paragraph forty-nine (49), same are denied as untrue.

**WHEREFORE,** Defendants, **CITY OF ALLEN PARK, OFFICER C. CATES, OFFICER S. HARVEY, OFFICER M. SZYMONIAK, OFFICER WAYNE ALBRIGHT and DISPATCHER MOHAMMED,** respectfully request that this Honorable Court enter an Order for Judgment of No Cause for Action in their favor, with costs and attorney fees to be taxed.

## V. COUNT III

### FALSE IMPRISONMENT

50.     Defendants incorporate by reference paragraphs 1-49 of their Answer to Plaintiff's Complaint with the same force and effect as though fully set forth herein.

51.     In response to the allegations contained in paragraph fifty-one (51), same are denied as untrue.

52.     The statements contained in paragraph fifty-two (52) are legal conclusions as opposed to well pled allegations of fact and therefore no response is required.  To the extent that a response is required, Defendants submit that the United States Constitution speaks for itself.  By way of further answer, Defendants deny the breach of any constitutionally protected rights of the Plaintiff.

53.     In response to the allegations contained in paragraph fifty-three (53), same are denied as untrue.

54.     In response to the allegations contained in paragraph fifty-four (54), same are denied as untrue.

55.     In response to the allegations contained in paragraph fifty-five (55), same are denied as untrue.

56.     In response to the allegations contained in paragraph fifty-six (56), same are denied as untrue.

**WHEREFORE,** Defendants, **CITY OF ALLEN PARK, OFFICER C. CATES, OFFICER S. HARVEY, OFFICER M. SZYMONIAK, OFFICER WAYNE ALBRIGHT and DISPATCHER MOHAMMED**, respectfully request that this Honorable Court enter an Order for Judgment of No Cause for Action in their favor, with costs and attorney fees to be taxed.

**COUNT VI**

**GROSS NEGLIGENCE**

57.     Defendants incorporate by reference paragraphs 1-56 of their Answer to Plaintiff's Complaint with the same force and effect as though fully set forth herein.

58.     The statements contained in paragraph fifty-eight (58) are legal conclusions as opposed to well pled allegations of fact and therefore no response is required.  To the extent that a response is required, Defendants affirmatively state that they did not violate any duty which may have been owed to the Plaintiff.

59.     In response to the allegations contained in paragraph fifty-nine (59), same are denied as untrue.

60.     In response to the allegations contained in paragraph sixty (60), same are denied as untrue.

**WHEREFORE,** Defendants, **CITY OF ALLEN PARK, OFFICER C. CATES, OFFICER S. HARVEY, OFFICER M. SZYMONIAK, OFFICER WAYNE ALBRIGHT and DISPATCHER MOHAMMED**, respectfully request that this Honorable Court enter an Order for Judgment of No Cause for Action in their favor, with costs and attorney fees to be taxed.

8

COUNT VII

42 USC §1983 CONSTITUTIONAL DEPRIVATION

61.     Defendants incorporate by reference paragraphs 1-60 of their Answer to Plaintiff's Complaint with the same force and effect as though fully set forth herein.

62.     In response to the allegations contained in paragraph sixty-two (62), same are denied as untrue.

63.     In response to the allegations contained in paragraph sixty-three (63), same are denied as untrue.

**WHEREFORE,** Defendants, **CITY OF ALLEN PARK, OFFICER C. CATES, OFFICER S. HARVEY, OFFICER M. SZYMONIAK, OFFICER WAYNE ALBRIGHT and DISPATCHER MOHAMMED,** respectfully request that this Honorable Court enter an Order for Judgment of No Cause for Action in their favor, with costs and attorney fees to be taxed.

COUNT VIII

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64.     Defendants incorporate by reference paragraphs 1-63 of their Answer to Plaintiff's Complaint with the same force and effect as though fully set forth herein.

65.     The statements contained in paragraph sixty-five (65), including subparagraphs (a-e),  are legal conclusions as opposed to well pled allegations of fact and therefore no response is required.  To the extent that a response is required, Defendants affirmatively state that they did not violate any duty which may have been owed to the Plaintiff.

66.     In response to the allegations contained in paragraph sixty-six (66), including subparagraphs (a-c), same are denied as untrue.

67.     No contest.

68.     In response to the allegations contained in paragraph sixty-eight (68), same are denied as untrue.

9

69.     In response to the allegations contained in paragraph sixty-nine (69), same are denied as untrue.

WHEREFORE, Defendants, **CITY OF ALLEN PARK, OFFICER C. CATES, OFFICER S. HARVEY, OFFICER M. SZYMONIAK, OFFICER WAYNE ALBRIGHT and DISPATCHER MOHAMMED**, respectfully request that this Honorable Court enter an Order for Judgment of No Cause for Action in their favor, with costs and attorney fees to be taxed.

                    Respectfully submitted,

                    **PLUNKETT COONEY**

                    By _____
                         AUDREY J. FORBUSH  (P41744)
                         Attorney for Defendants
                         Plaza One Financial Center
                         111 E. Court Street – Suite 1B
                         Flint, MI  48502
                         (810) 342-7014

Dated:  November 1, 2010

## DEFENDANTS' AFFIRMATIVE DEFENSES

NOW COME the Defendants, **CITY OF ALLEN PARK, OFFICER C. CATES, OFFICER S. HARVEY, OFFICER M. SZYMONIAK, OFFICER WAYNE ALBRIGHT and DISPATCHER MOHAMMED**, by and through their attorneys, **PLUNKETT COONEY**, and hereby assert the following affirmative defenses.

1.     Plaintiff's claims are barred by the Michigan Governmental Immunity Act, MCL 691.1401, *et seq.*, and specifically §1407 of the Governmental Immunity Act.  Defendants Cates, Harvey, Szymoniak, Albright and Mohammed were, at all relevant times, engaged in the exercise and discharge of a governmental function and are entitled to immunity.  Their actions did not constitute gross negligence which was the proximate cause of any injury to Plaintiff.

2.     Defendants were not engaged in conduct which would meet the statutory definition of "gross negligence." See MCL 691.1407 *et seq.*, and Defendants are entitled to governmental immunity per *Odom v Wayne Co.,* 483 Mich 459 (2008).

3.     Probable cause existed at the time of the arrest.

4.     The Complaint in this matter has failed to set forth a cause of action against the Defendants.

5.     Defendants had probable cause to arrest Plaintiff.

6.     Plaintiff's arrest was lawful.

7.     Plaintiff has failed to set forth a claim for intentional infliction of emotional distress as the actions of the Defendants were not extreme and outrageous.

8.     Plaintiff's claims are barred for the reason that Defendants are entitled to qualified immunity, as their actions were objectively reasonable in light of the circumstances and did not violate clearly established law.

9.     Plaintiff's claims are barred for the reason that Plaintiff has failed to allege any deprivation of a specific constitutional right. *Parratt v Taylor,* 451 US 527 (1981).

10.     Plaintiff has failed to state a claim upon which relief can be granted.

11.     The proximate cause of any and all injuries suffered by the Plaintiff is the result of the Plaintiff's own contributory and/or comparative negligence and/or illegal activities.

12.     The proximate cause of any and all injuries suffered by the Plaintiff is the result of the negligence of persons and/or entities other than the Defendants herein.

13.     The voluntary misconduct of the Plaintiff is the proximate cause of the injuries sustained, if any.

14.     Plaintiff's claims are barred, in part, in that the applicable statute of limitations may have been exhausted.

15.     The Plaintiff may have failed to mitigate his damages.  Defendants reserve the right to conduct discovery and file a dispositive motion on that basis.

11

16.     Defendants' right to self-defense is firmly asserted.

17.     Defendants used only the amount of force which was reasonably necessary under the circumstances to effect a lawful arrest.

18.     Plaintiff's claims are barred for the reason that the allegations sound in "simple negligence" and the conduct complained of is not the type contemplated under 42 USC §1983.

19.     The City of Allen Park is immune from tort liability as to all state claims, because it was engaged in the exercise or discharge of a governmental function as defined in MCL 691.1401 *et seq.*

20.     Plaintiff's 42 USC §1983 claims against the City of Allen Park are barred for the reason that there has been no official policy, custom or practice alleged in the complaint and Plaintiff's claims are deficient.

21.     Plaintiff's civil rights claims are barred as to the City of Allen Park for the reason that the theory of *respondeat superior* is not the basis for a viable claim under 42 USC §1983.

22.     Plaintiff has failed to allege or establish a deprivation of a constitutional right and/or a protected right and/or a liberty interest.

23.     Plaintiff cannot establish deliberate indifference by Defendants.

24.     Plaintiff's injuries may have been the result of pre-existing or subsequently occurring conditions, which were neither caused nor aggravated by the events referred to in Plaintiff's Complaint.

25.     Defendants were in the home at the invitation of the Plaintiff.

26.     Plaintiff has failed to state a claim for violation of the Fourth Amendment.

27.     Defendants reserve the right to name additional Affirmative Defenses as same become known through the course of discovery.

Respectfully submitted,

**PLUNKETT COONEY**

By _____

AUDREY J. FORBUSH  (P41744)
Attorney for Defendants
Plaza One Financial Center
111 E. Court Street – Suite 1B
Flint, MI  48502
(810) 342-7014

Dated:  November 1, 2010

## DEFENDANTS' RELIANCE UPON JURY DEMAND

**NOW COME** the Defendants, **CITY OF ALLEN PARK, OFFICER C. CATES, OFFICER S. HARVEY, OFFICER M. SZYMONIAK, OFFICER WAYNE ALBRIGHT and DISPATCHER MOHAMMED**, by and through their attorneys, **PLUNKETT COONEY**, and hereby rely upon the demand for trial by jury filed by Plaintiff in the above-entitled cause of action.

Respectfully submitted,

**PLUNKETT COONEY**

By _____

AUDREY J. FORBUSH  (P41744)
Attorney for Defendants
Plaza One Financial Center
111 E. Court Street – Suite 1B
Flint, MI  48502
(810) 342-7014

Dated:  November 1, 2010

Open.00560.03273.10398656-1

13

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MATTHEW TRACER,

        Plaintiff,

v

CITY OF ALLEN PARK,
OFFICER S. CATES,
OFFICER S. HARVEY,
OFFICER M. SZYMONIAK,
OFFICER WAYNE ALBRIGHT
DISPATCHER MOHAMMED,

        Defendants.

CASE NO.: 10-010729-NO
HON. SUSAN D. BORMAN

---

| | |
|---|---|
| FRANK PALAZZOLO  (P26024)<br>**PRESENT LEGAL CENTER, P.L.C.**<br>Attorney for Plaintiff<br>33830 Harper Avenue<br>Clinton Township, MI  48035<br>(586) 415-1200 | AUDREY J. FORBUSH  (P41744)<br>**PLUNKETT COONEY**<br>Attorney for Defendants, City of Allen Park<br>   Cates, Harvey, Szymoniak,<br>   Albright and Mohammed<br>Plaza One Financial Center<br>111 E. Court Street – Suite 1B<br>Flint, MI  48502<br>(810) 342-7014 |

---

## PROOF OF SERVICE

| | |
|---|---|
| STATE OF MICHIGAN | ) |
| | ) ss |
| COUNTY OF GENESEE | ) |

     AUDREY J. FORBUSH, first being duly sworn, deposes and says that on the 1st day of

November, 2010, she caused to be served a copy of the enclosed DEFENDANTS' ANSWER

TO PLAINTIFF'S COMPLAINT; AFFIRMATIVE DEFENSES; RELIANCE UPON JURY

DEMAND and PROOF OF SERVICE, upon:

FRANK PALAZZOLO, ESQUIRE
33830 HARPER AVENUE
CLINTON TOWNSHIP, MI  48035

by enclosing same in an envelope properly addressed as above and by depositing same in a

United States mail receptacle, with postage thereon fully prepaid.

AUDREY J. FORBUSH

Subscribed and sworn to before me
this 1st day of November, 2010.

KATHALEEN M. FORDE, Notary Public
State of Michigan, County of Oakland
My Commission Expires:  4/16/2012
Acting in Genesee County, Michigan

Open.00560.03273.10414405-1



STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MATTHEW TRACER

           Plaintiff,

vs.                                  No.                             *NO*

CITY OF ALLEN PARK,
Officer S. Cates
Officer S. Harvey
Officer M. Szymoniak
Officer Wayne Albright
Dispatcher Mohammed

           Defendants.

_____/

FRANK PALAZZOLO (P26024)
PRESENT LEGAL CENTER, P.L.C.
BY: THOMAS R. PRESENT
Attorneys for Plaintiff
33830 Harper Ave.
Clinton Twp MI 48035
(586) 415-1200

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action arising
our of this transaction or occurrence as alleged in the Complaint.

           Thomas R. Present

NOW COMES Plaintiff, Matthew Tracer, by and through his Counsel, FRANK

PALAZZOLO and PRESENT LEGAL CENTER, P.L.C., and in support of his Complaint,

Plaintiff states as follows:

## I.  PRELIMINARY STATEMENT

At all times mentioned herein, Defendants were acting under the color of statue, ordinances, regulations and/or customs of the State of Michigan and the City of Allen Park, when they subjected Plaintiff Matthew Tracer to a deprivation of his rights, privileges and immunities secured to him by the Constitutions and laws of the United States and State of Michigan.  The Civil Rights Act, 42USC Section 1983, provides for civil liability for the deprivation of any right, privilege, or immunity secured by the Constitution and laws of the United States, while committed under the color of law.

1.      This is an action brought by the Plaintiff, who under color of law was subjected to heinous concerted actions of excessive force by sworn members of the Allen Park Police Department.  This concerted action visited upon Plaintiff constitutes multiple violations of the Plaintiff's Constitutional rights, and rights guaranteed by the Michigan Constitution and laws of the State of Michigan.

## II.  JURISDICTION

2.      This action seeks monetary damages for violations of Plaintiff's rights, privileges, and immunities secured under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. Sec. 1983 and  28 U.S.C. Sec 1343 (3) (4) and 1331.

3.      State law claims are governed by virtue of liability under the Michigan Constitution and under MCL 691.1400 et seq.

## III.  PARTIES

4.    Plaintiff, Matthew Tracer is a resident of the City of Allen Park, County of Wayne and State of Michigan.

5.    Defendant, City of Allen Park, is a municipal corporation located within the County of Wayne, State of Michigan.  The municipal entity conducts police operations within the County of Wayne, State of Michigan.

6.    At all times pertinent hereto each individual defendant, Officer C. Cates, Officer Harvey, M. Szymoniak, Officer W. Albright, and Dispatcher Mohammed were law enforcement officers with the City of Allen Park Police Department and at all times mentioned herein were acting within the scope of their employment, acting under the color of the state law, but in fact, exceeded their statutory authority.   Each officer is sued in their official and individual capacities.

7.    At all times relevant hereto, Defendant City of Allen Park employed defendants and is liable for the acts of its officers.  Defendant Allen Park is further subject to liability because it allowed, nurtured, and allowed policies, practices, and procedures which gave rise the the instant Complaint.

8.    The amount in controversy exceeds Twenty five Thousand Dollars, exclusive of interest, court costs and attorney fees.

9.    The City of Allen Park is liable for all injuries, proximately caused by:

   a.    Intentional wrongful acts of its employees and/or agents committed during the course of their employment and within the scope of authority;

b.   Intentional, wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions which deprive citizens of their rights, privileges and/or immunities.

c.   All intentional acts and ultra vires conducts of its agents, employees, and officers; and

d.   All negligent and otherwise wrongful violations by their agents, employees, and their wrongful implementation of ministerial duties.

## IV. FACTUAL ALLEGATIONS

10.   On or about June 9, 2009, Plaintiff Matthew Tracer was peaceably within his domicile located at 10037 Ruth Ave., within the City of Allen Park, County of Wayne, State of Michigan.

11.   Defendants Harvey and Szymoniak were dispatched to Plaintiff's domicile on a noise complaint.  When the officers arrived Plaintiff was playing a rock selection from the Sensational Alex Harvey Band.  This was not the first time officers had visited the Tracer home on a noise complaint.

12.   Defendants Harvey and Szymonick were met at the door by Plaintiff.  The defendants addressed Plaintiff in a brusque, rude fashion in a demeaning tone and demanded he turn down the volume, which he refused as the level was within legal limitations.  Plaintiff advised the officers in a calm respectful manner that if the officers disagreed, they could cite him and he would have his day in court.

13.    The two officers, seemingly satisfied with the level, left the porch and the scene. Plaintiff changed the musical format from rock to spiritual, Marian Anderson, and adjusted the volume lower to accommodate the format.

14.    Approximately ten minutes later, Plaintiff's front yard was filled with Allen Park scout cars and officers. A minimum of four officers pounded on his front door and demanded he turn off the music. Plaintiff advised the music was within legal limits, and invited defendant Cates into the home to show how he was in compliance. The remaining officers bullied their way into the residence uninvited.

15.    Plaintiff was informed he was going to be cited for violation of the noise ordinance, Defendant Cates left the home and Plaintiff ordered the remaining defendants from the home and they refused to leave.

16.    Once Plaintiff's back was turned, the three remaining defendants bull rushed him to the sofa and onto a hard suitcase. Defendant Cates re-enters the home and joins the attack, causing physical injury to Plaintiff and aggravating previous disabilities already present. Plaintiff was cuffed, perp walked from his home, and forced onto the floor of the scout car.

17.    Plaintiff, once positioned in the rear of the scout car, viewed the in-car terminal which reflected a plan of action formulated prior to the officers arrival.

18.    The words viewed by Plaintiff, together with the concert of action by the defendants show unequivocally the officers had a pre-determined plan of action to harass

Plaintiff, anger and provoke him, then falsely claim that Plaintiff acted in a criminal fashion which would then entitle the officers to act.

19.     Plaintiff was later informed by defendant officer Cates, "We are gonna say you attacked him". Plaintiff was advised his arrest was based upon Resistance and Obstruction and Assault on a Police Officer.

20.     When Plaintiff arrived at the station house, he was removed from the car and was confronted by a mob of police officers, one of which inquired: "Want to go some more?"

21.     Plaintiff was housed on the instant charges in a filthy cell, never provided medical attention and eventually was able to post bond.

22.     Plaintiff was required to expend large sums of money to defend the fraudulent charges, the complexity of same made more difficult by the erasure of vital information, data and audio, which was in the custody of defendant Mohammed and the superiors at defendant Allen Park.

23.     The conspiracy to cover up the true facts by Allen Park and its agents, the fabrications of charges and the clear evidence of a pre-planned operation aimed at this Plaintiff to invade his home and his person is unconscionable and exposes the defendants to damages, inclusive of punitive damages.

24.     Documents which are part of the criminal case involving Plaintiff reflect the following discourses between the defendants and the conspiracy afoot.

          a.     "Its that weird guy's house on Ruth"

b.    "Wayne is going to beat this guy up . . .I just have a feeling . . .

hand through the door and around his neck."

c.    "Maybe you can put the fear of God in this guy"

d.    "Good job guys"

e.    "Yea, I got him fired up"

25.    At all times relevant hereto and in all of their actions described herein, the

Defendants were acting under color of law, state authority, statute, custom or usage.

COUNT I
FOURTH AMENDMENT
VIOLATIONS

26.    Plaintiffs incorporate paragraphs 1 through 25 by reference.

27.    The actions of the Defendants, which are set forth in the Complaint show an

unreasonable disregard for the rights of the Plaintiffs under the Fourth and Fourteenth

Amendments to the United States Constitution and are violative of 42 U.S.C. Sec. 1983.

28.    The Civil Rights Act, 42 USC Section 1983, provides for civil liability for the

deprivation of any right, privilege or immunity secured by the Constitution and laws of the

United States, while committed under color of law.

29.    The excessive application of force to Matthew Tracer's person constitutes an

excessive application of force in violation of the Fourth and Fourteenth Amendments of the

United States Constitution.

30.    As a result of the above stated actions of the Defendants, Plaintiff Matthew Tracer

Suffered physical harm, mental anguish, emotional distress, humiliation, psychological harm, embarrassment, and fear.

WHEREFORE, Plaintiff Matthew Tracer prays this Honorable court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive so wrongfully sustained by Plaintiff together with interest, costs and attorney fees under 42 U.S.C. §1988.

## COUNT II
## ASSAULT AND BATTERY

31.     Plaintiffs incorporate paragraphs 1 through 30 by reference.

32.     Matthew Tracer was intentionally, wantonly and willfully assaulted by Defendants, at the time that Defendants attempted to effectuate an unlawful arrest of Plaintiff by instilling fear in Plaintiff of an unconsented touching

33.     Defendants, City of Allen Park Police Officers intentionally made contact with Matthew Tracer's person without any justification or consent of Matthew Tracer and without any provocation from Matthew Tracer.

34.     Defendants, City of Allen Park Police Officers, made an unconsented touching of Matthew Tracer to the extent that they intentionally gang tackled Matthew Tracer and intentionally forced their knees on Matthew Tracer's head and back.

35.     Defendants herein intentionally made contact with Matthew Tracer after unlawfully refusing to leave his residence at a time when he had not committed any criminal acts in the Defendants' presence or otherwise.

WHEREFORE, Plaintiff Matthew Tracer prays this Honorable court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive so wrongfully sustained by Plaintiff together with interest, costs and attorney fees .

### III.  COUNT 1 FALSE ARREST

36.     Plaintiff incorporates by reference paragraphs 1 through 35 above.

37.     Plaintiff Matthew Tracer was under the special control of Defendants.

38.     Under the United States Constitution, and the laws of this state Matthew Tracer's constitutionally protected rights included a right to be free from unreasonable search and seizure.

39.     Defendants City of Allen Park acted with reckless disregard and was deliberately indifferent to the clearly established rights of Plaintiff Matthew Tracer by failing to develop, maintain and train officers, and to enforce adequate departmental policies related to unlawful entry and arrest and detention.

40.     Defendants, Officers Cates, Harvey, Szymonick Wayne Albright and Dispatcher Mohammed individually and acting in concert, acted with reckless disregard and were deliberately indifferent to the clearly established constitutional rights of Plaintiff by detaining, arresting, and holding him without probable cause or the existence a valid warrant.

- -

41.    As direct and proximate result of Defendants' actions, Plaintiff Matthew Tracer did suffer serious and permanent physical injuries.  He has,, and will in the future, required medical treatment and management.  He has suffered undue confinement and limitations upon his freedom and has sustained injury including but not limited to mental and physical pain and anguish, and loss of enjoyment of life.

42.    The actions of the Defendants were severe, willful, wanton, and in reckless disregard of Plaintiff Matthew Tracer's constitutional rights so as to warrant an award of punitive damages.

WHEREFORE, Plaintiff Matthew Tracer prays this Honorable court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive so wrongfully sustained by Plaintiff together with interest, costs and attorney fees under 42 U.S.C. §1988.

### IV.  COUNT II – CONSTITUTIONAL DEPRIVATION UNDER 42 U.S.C. §1983 – EXCESSIVE FORCE

43.    Plaintiff incorporates by reference paragraphs 1 through 42 above.

44.    Plaintiff Matthew Tracer was under the special control of Defendants.

45.    Under the United States Constitution, Fourth Amendment, Matthew Tracer's constitutionally protected rights included a right to be free from unreasonable searches and seizures.

46.    Defendants, agents of the City of Allen Park acted with reckless disregard and were deliberately indifferent to the clearly established constitutional rights of Plaintiff Matthew

Tracer and the City has failed to develop, maintain, and train officers, and enforce adequate departmental policies related to the use of excessive force , lawful entry and proper arrest and detention protocol.

47.    Defendants, individually and acting in concert, acted with reckless disregard and were deliberately indifferent to  constitutional rights of Plaintiff Matthew Tracer by conspiring to execute a pre-planned concert of action designed for punishment and incarceration.

48.    As direct and proximate result of Defendants' actions, Plaintiff  Matthew Tracer did suffer serious and permanent physical injuries.  He has, and will in the future, require medical treatment and management  He has suffered undue confinement and limitations upon his freedom and has sustained injury including but not limited to mental and physical pain and anguish, and loss of enjoyment of life.

49.    The actions of the Defendants were severe, willful, wanton, and in reckless disregard of Plaintiff Matthew Tracer's constitutional rights so as to warrant an award of punitive damages.

WHEREFORE, Plaintiff Matthew Tracer prays this Honorable court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive so wrongfully sustained by Plaintiff together with interest, costs and attorney fees under 42 U.S.C. §1988.

### V.  COUNT III  – FALSE IMPRISONMENT
50.    Plaintiff incorporates by reference paragraphs 1 through 49 above.

51.    Plaintiff Matthew Tracer was under the special control of Defendants.

52. Under the United States Constitution, and the laws of the State of Michigan Matthew Tracer's constitutionally protected rights included a right to be free from unreasonable searches, seizures and unlawful detention.

53. Defendant City of Allen Park acted with reckless disregard and was deliberately indifferent to the clearly established constitutional rights of Plaintiff Matthew Tracer by failing to develop, maintain, train officers, and enforce adequate departmental policies.

54. Defendants Officers Cates, Harvey, Szymonick, Wayne Albright and Dispatcher Mohammed individually and acting in concert, acted with reckless disregard and were deliberately indifferent to clearly established constitutional rights of Plaintiff Matthew Tracer by detaining, arresting, and causing him to be imprisoned without probable cause or the existence a valid warrant.

55. As direct and proximate result of Defendants' actions, Plaintiff Matthew Tracer did suffer serious and permanent physical injuries. He has and will in the future, require medical treatment and management. He has suffered undue confinement and limitations upon his freedom and has sustained injury including but not limited to mental and physical pain and anguish, and loss of enjoyment of life.

56. The actions of the Defendants were severe, willful, wanton, and in reckless disregard of Plaintiff Matthew Tracer's constitutional rights so as to warrant an award of punitive damages.

WHEREFORE, Plaintiff Matthew Tracer prays this Honorable court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive so wrongfully sustained by Plaintiff together with interest, costs and attorney fees under 42 U.S.C. §1988.

COUNT VI
GROSS NEGLIGENCE

57.    Plaintiffs incorporate by reference paragraphs 1 through 56.

58.    At all times pertinent hereto, Defendants were under a duty to avoid engaging in conduct so reckless as to demonstrate a substantial lack of concern for whether injury resulted therefrom.

59.    Defendants, each did breach this duty by attacking Matthew Tracer  and then driving their knees into his head and back with the clear intention of causing physical pain.  This conduct is so outrageous and is aggravated by the fact that no one officer attempted to stop this onslaught of violence and in fact joined into the affray so Plaintiff was attacked by four Allen Park officers.

60.    Defendants were under a duty to avoid engaging in conduct so reckless as to demonstrate a substantial lack of concern for Matthew Tracer and such duty was breached when

Defendants failed to intervene to prevent other Police Officers from assaulting and battering Matthew Tracer.

WHEREFORE, Plaintiff Matthew Tracer prays this Honorable court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive so wrongfully sustained by Plaintiff together with interest, costs and attorney fees under 42 U.S.C. §1988.

## COUNT VII
## 42 USC 1983-CONSTITUTIONAL DEPRIVATION

61.     Plaintiff hereby incorporates by reference paragraphs 1 through 60.

62.     At all times mentioned herein, Defendant, City of Allen Park, by its own custom, policy and/or practice of failing to properly train, evaluate, supervise, investigate, review and/or discipline its policy officers, allowed Defendants to function as police officers and to use excessive force in the apprehension and detention of Matthew Tracer and in the course of apprehending Plaintiff at his residence violated Mr. Tracer's United States and the State of Michigan's Constitutional rights.

63.     Defendant, City of Allen Park, is liable for its intentional, willful, wanton, reckless, grossly negligent acts and/or omissions of it's agents.

WHEREFORE, Plaintiff Matthew Tracer prays this Honorable court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive so wrongfully sustained by Plaintiff together with interest, costs and attorney fees under 42 U.S.C. §1988.

## COUNT VIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64.     Plaintiff hereby incorporates by reference paragraphs 1 through 63.

65.     At all times relevant hereto Defendants, notwithstanding their standard duty of care, owed to Plaintiff, Matthew Tracer the following duties:

   a.   To refrain from inflicting intentional emotional distress upon Plaintiff;

   b.   To refrain from inflicting a physical punishment upon Plaintiff;

   c.   To refrain from subjecting Plaintiff to verbal abuse and physical abuse;

   d.   To refrain from treating Plaintiff in an extremely and outrageously abusive manner;

   e.   To refrain from assaulting and battering Plaintiff without excuse or justification.

66.     Defendants intentionally, willfully, wantonly and recklessly breached one or more said duties by:

   a.   Intentionally inflicting emotional distress upon Plaintiff, Matthew Tracer by subjecting him to unjustified mistreatment and horror, as well as outrage;

b.   Intentionally inflicting physical battery upon Plaintiff, Matthew Tracer, by forcibly handcuffing him after unlawfully refusing to leave Plaintiffs' residence;

c.   Intentionally treating plaintiff in an extremely and outrageously abusive manner by assaulting and battering him at a time when he had not committed any criminal offense;

67.   At all times relevant hereto Defendants, were acting during the course of their employment for Defendant, City of Allen Park.

68.   As a proximate and direct result said intentional, willful, wanton and reckless conduct by Defendants, Tracer was inhumanely treated  a while the Defendants were effectuating an arrest of plaintiff and plaintiff experienced severe pain and suffering.

69.   As a direct and proximate result of the aforementioned conduct against plaintiff, plaintiff has been caused to suffer and will continue to suffer severe emotional distress, depression, loss of sleep and other psychological injuries.

**WHEREFORE**, Plaintiff requests this Court to enter Judgment as follows:

A.   Declaring as unconstitutional the application of force applied to the Plaintiff's person.

B.   Award to Plaintiff compensatory damages.

C.   Award to Plaintiff herein punitive damages for Defendants attempts to cover up the violent and unprovoked attack upon Plaintiff.

D.   Awarding attorney's fees, costs, and disbursements as provided by 42 U.S.C. 1988.

E.   Awarding such other and further relief that the Court may deem just, proper, and equitable.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

Respectfully submitted,

FRANK PALAZZOLO (P26024)
PRESENT LEGAL CENTER, P.L.C.
BY: THOMAS R. PRESENT
Attorney for Plaintiff
33830 Harper Ave.
Clinton Twp MI 48035
(586) 415-1200

Dated: 9/13/10